# HOWARD v. INTERNATIONAL TRUST COMPANY OF MARYLAND.

## HOWARD v. SAME.

### APPEAL AND ERROR; BILLS OF EXCEPTIONS.

The "term," as used in sec. 2, rule 54, of the lower court, requiring a bill of exceptions to be settled before the close of the term, which may be prolonged in order to prepare it not longer than thirty-eight days, is the trial term, and not the judgment term; so that, where there is a verdict six days before the close of the trial term and no prolongation of the trial term, and judgment is entered on the first day of the succeeding trial term, the bill of exceptions, settled after the close of the trial term, is settled too late, and, on appeal from the judgment, the bill of exceptions, on motion of the appellee, will be stricken from the record and judgment affirmed.

Nos. 1914 and 1915. Submitted October 15, 1908. Decided October 20, 1908.

HEARING on a motion by the appellee to strike out a bill of exceptions from the transcript of the record and to affirm the judgment appealed from.        *Granted.*

The facts are stated in the opinion.

*Mr. Walter C. Clephane* and *Messrs. Gans & Haman* for the motion.

*Mr. Brainard H. Warner, Jr.,* and *Mr. E. Beverly Slater* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellee moves to strike out the bill of exceptions in the transcript of the record and to affirm the judgment appealed from.

It appears that the trial of the cause was had during the January term of the supreme court of the District, resulting in a verdict returned April 1, 1908. Under the rules of that court, judgment is not to be entered upon a verdict until five days thereafter. The fifth day thereafter was the 7th day of April, 1908, which was also the first day of the new or April term. The judgment was entered on that day and notice of appeal given. Appeal bond was filed on April 9, and on May 21 the appellant submitted a bill of exceptions asking that it be settled now for then as of the day of trial on which the same had been noted. This was settled and signed by the trial justice on the 22d *"nunc pro tunc,*—the time of the noting thereof on the trial." These exceptions had been noted during the trial, as required by the rules of court, but no order was made extending the trial term for the purpose of settling the bill, as provided in rule 54 of the supreme court of the District. By the terms of sec. 1 of that rule the bill of exceptions must have been settled during the term at which the trial was had to give it effect, but by sec. 2, before amendment as hereafter noted, the term might be prolonged not more than thirty days, exclusive of Sundays, for the purpose. *Brown* v. *Bradley,* 6 App. D. C. 207. In that case issues formed on a caveat to the probate of a will had been certified for trial by jury from the orphans' court; the trial was had and verdict thereon returned December 24, 1894. Motions for new trial and in arrest of judgment were filed and continued to the January term, 1895, and were overruled on January 12. On January 22, the finding of the jury was certified to the orphans' court in due course of procedure. On February 1, the motion in arrest of judgment was renewed in the orphans' court and again overruled. The exceptions had been noted during the trial of the issues in the circuit court, but

no bill had been offered for settlement, and there had been no prolongation of the term, as provided in sec. 2. On March 12, 1895, a bill was prepared and submitted to the trial justice, who declined to settle it on the ground that it was beyond his power, the term having expired, notwithstanding the continuance of the motion for new trial and in arrest of judgment to the succeeding term. A petition for mandamus to compel the settlement of the bill was denied.

Since that decision the rules have been amended. Sec. 2 of rule 54, which provides for an extension of the term for thirty days, exclusive of Sundays, was amended to read as follows: "Sec. 2. The bill of exceptions must be settled before the close of the term, which may be prolonged by adjournment in order to prepare it, but not longer than thirty-eight days, exclusive of Sundays, save in case of a trial begun during a term, in which case the trial justice may extend the term in his discretion in order to prepare a bill of exceptions." Rule 55 provides that every bill shall be prepared and submitted to opposing counsel. If not settled before the jury retires, notice shall be given to opposing counsel of the time at which it is proposed the bill of exceptions shall be settled, and the same submitted to him at least eight days, exclusive of Sundays, before the time designated in said notice for settling the same. "And the said exceptions shall be presented to the court within thirty-eight days, exclusive of Sundays, after judgment shall have been entered therein, unless the trial justice shall, for good cause shown, extend the time for the presentation thereof."

In *Jennings* v. *Philadelphia, B. & W. R. Co.* 31 App. D. C. 173, 175, it was said: "Rule 55 was not intended to affect the operation of rule 54. Its purpose is to secure the fair settlement of a delayed bill of exceptions by requiring the delivery of a copy of the proposed bill [of exceptions] to the opposing party, with notice of the time of its intended submission to the trial justice for its settlement. It operates within the term during which the trial was had, and within the term of its prolongation when made in accordance with the provision of sec. 2 of rule 54." In that case the verdict was returned and the judgment

entered in the same term.  There was no prolongation of the term for the purpose of settling the bill of exceptions, which was not given notice of and presented until after the beginning of the succeeding term.  The judgment had been entered on December 20 and the term expired on December 31.  The bill of exceptions was stricken out as settled after the time allowed therefor.

In opposition to the motion, it is argued that, as the judgment in this case was not actually entered until the succeeding term, the appellant had thirty-eight days thereafter within which to have his bill settled under rule 54 without having had the trial term prolonged for the purpose.  To maintain this proposition it is contended that "term," as used in sec. 2 of rule 54, must be considered to mean the "judgment term," which would harmonize it with rule 55.  There is no warrant for this construction.  The term evidently meant in sec. 2 was the trial term.  It provides that the bill of exceptions must be settled before the close of the term, which may be prolonged not longer than thirty-eight days, save in case of a trial begun during the term, but not concluded until after the expiration of the term, in which case the trial justice may extend the term in his discretion in order to prepare a bill of exceptions.  It cannot be questioned that the word "term," as first used, meant the term at which the trial was had; and it seems perfectly clear that the same term was meant throughout the section.  The mere fact that the judgment in this case was entered at the succeeding term does not affect the requirement of sec. 2 of rule 54.  Knowing that the trial term would end before the judgment was entered, it was the duty of the appellant to ask its prolongation for thirty-eight days in order to enable him to settle his bill of exceptions.  Probably under rule 55 the prolongation asked for might have been for such additional time as would extend it for thirty-eight days, exclusive of Sundays, after the date of the actual entry of the judgment.

We see no ground for changing the conclusion announced in *Jennings* v. *Philadelphia, B. & W. R. Co. supra*.  The bill of exceptions, having been settled out of term without a prolonga-

tion of the same for the purpose, must be stricken out. Without a bill of exceptions, there is no ground upon which the judgment appealed from could be reversed. It is therefore affirmed, with costs.

Motion sustained; bill of exceptions stricken out, and *judgment affirmed.*

Per Curiam:

For the reasons given in the foregoing opinion, the same motion, in No. 1915, between the same parties, is sustained, and judgment will be *affirmed as directed in that case.*